TREVOR J. HATFIELD, ESQ
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 388-4469
Facsimile: (702) 386-9825
Email: *thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VINA DEJORIA, an individual, | CASE NO: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| DENNY'S INC., a Foreign Corporation, | **[JURY TRIAL DEMANDED]** |
| Defendant. | |

COMES NOW, Plaintiff VINA DEJORIA, (hereinafter "Plaintiff") by and through her attorney, Trevor J. Hatfield, Esq., of the law firm Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendant as follows:

## **NATURE OF THE ACTION**

This is an age and gender discrimination case in violation of the Age Discrimination in Employment Act of 1967, as amended (hereinafter the "ADEA"), due to Plaintiff having been terminated for her age, 46, at the time of her termination and 42 U.S.C. Section(s) 1201 *et seq.*, Title VII of the Civil Rights Act of 1964, (hereinafter "Title VII") and laws of the State of Nevada.

///

///

///

## PARTIES

1. At all times relevant hereto, Plaintiff, residing in Las Vegas Nevada, was and is an individual residing in the State of Nevada and was employed at one of Defendant's restaurants in Las Vegas.

2. At all times relevant hereto, Defendant was a foreign corporation licensed to and conducting business in the State of Nevada, or is, based upon Plaintiff's information and belief, a corporate entity conducting business on a regular and continuing basis in Nevada.

3. All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendant.

4. All of the acts alleged herein and or failures alleged herein were duly performed by and or are attributable to Defendant, acting by and through their agents and employees. Said acts and or failures to act were within the scope of said agency and or employment, and Defendant ratified said acts and or omissions.

5. Defendant regularly employs fifteen or more persons.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants reside and/or regularly conduct business and where all the wrongful conduct occurred.

8. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

**ADMINISTRATIVE PREREQUISITES**

9. Plaintiff has complied with all the administrative prerequisites to action under the ADEA as follows:

10. Plaintiff is a woman that was over the age of 40 years of age at the time of termination. Plaintiff timely filed a formal Charge of Discrimination with the Nevada Equal Rights Commission (hereinafter "NERC") in March 2021 alleging that Plaintiff was subjected to age discrimination in violation of the Age Discrimination in Employment Act of 1967 as amended.

11. Plaintiff promptly and diligently accommodated all NERC requests for information and fully cooperated in the agency's investigation of this matter.

12. Plaintiff has exhausted all available administrative remedies in accordance with the aforementioned statutes prior to instituting this civil action.

13. Plaintiff received her Right to Sue and timely filed this action as to Defendant on December 27, 2018.

**FACTUAL ALLEGATIONS**

14. Plaintiff is a Caucasian female. She was hired as by Defendant on or about November 2017 as a server. She was promoted to lead server.

15. Plaintiff was subjected to harassing and discriminatory comments from co-workers under the age of 40. Plaintiff was called a racist for refusing to wait on tables of customers in Defendant's restaurant based on the color of the customers' skin, which was not true. Plaintiff was called "old" and was told she was a dinosaur and came from the "dinosaur age."

- 3 -

16. Plaintiff reported this harassment and hostility, but nothing was done by Defendant's supervisory management to correct or remediate the harassment. Defendant suspended and then terminated Plaintiff for allegedly being the Defendant's employee that was engaged in harassment and bullying. Plaintiff's termination was pretextual and retaliatory for reporting her harassment and hostility.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Violation of the ADEA)

17. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the complaint as though set forth at length herein.

18. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to age motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified and tolerated by her employer.

19. The ADEA makes it unlawful for an employer to discriminate against any employee because of their age.

20. Defendant singled Plaintiff out for termination due to her age, which was over 40 at the time of termination.

21. Plaintiff is informed and believes that other individuals, not in her protected class, were treated better than her.

22. As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, she seeks all legal and equitable remedies available at law.

///

26. Defendant's violation of the ADEA was willful. Pursuant to 29 U.S.C. § 626(b), Plaintiff requests an award of liquidated damages subject to proof.

27. Plaintiff is entitled to pre- and post-interest as well as attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Discrimination in Violation of Title VII: Sex)

28. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

29. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to hostility, harassment and gender motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

30. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

31. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

32. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

///

///

## THIRD CAUSE OF ACTION

## (Violation of Nevada Statutory Protections,

## NRS 613.330, Unlawful Employment Practices)

33. Plaintiff incorporates Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

34. NRS § 613.330 makes it unlawful for an employer to permit sexual harassment, hostility in the workplace, or discriminate against any employee because of their age or gender. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to age related and motivated discriminatory practices and actions in the workplace, all of which are illegal activities as directed, ratified and tolerated by her employer.

35. As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

36. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

37. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

///

///

- 6 -

## FOURTH CAUSE OF ACTION

### (Retaliation in Violation of the ADEA and Title VII)

38. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

39. Defendant retaliated against Plaintiff for her complaints of hostility, harassment and age and gender motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

40. Such adverse employment actions by Defendant were in violation of the law.

41. As a result of Defendant's above-stated actions, Plaintiff has suffered deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

42. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. An award to Plaintiff for back pay and front pay economic damages in amount to be shown according to proof;

2. An award to Plaintiff for liquidated damages under the ADEA;

3. An award to Plaintiff for reasonable attorney's fees and costs;

4. An award to Plaintiff for interest on any awards at the highest rate allowed by law; and

5. Such other and further relief as this Court deems just and appropriate.

Dated this 29th day of June 2021.   **HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
　　*Attorney for Plaintiff*